IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. A-09-CR-140 JRN |
| | § | |
| OSCAR LUNA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE JAMES R. NOWLIN
     SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on July 22, 2010, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.  PROCEDURAL BACKGROUND

On August 23, 2006, Judge Hayden Head of the Southern District of Texas sentenced the Defendant to a 27 month term of imprisonment, followed by three years of supervised release, for transporting unlawful aliens, in violation of 8 U.S.C. § 1324(a)(1)(B)(ii). The Defendant was released from the Bureau of Prisons on March 26, 2008, and began supervision. The Defendant moved to Austin in August 2008, and his jurisdiction was transferred to Judge Nowlin in April 2009.

As it often is, the transfer of jurisdiction was triggered by a violation, in this instance the submission of a urine specimen in February 2009 which tested positive for cocaine, and an arrest for

a theft by check offense in April 2009. Based on these issues, the Defendant appeared before Judge Pitman on August 17, 2009, in response to a summons, for a revocation hearing. After discussions between the probation office, defense counsel, and the court, the Government withdrew the petition and the Defendant agreed to a modification of his conditions to include mental health treatment. In May 2010, the Defendant admitted to cocaine use again, and, at the recommendation of the Defendant's counselor, the probation office requested that the Defendant be ordered to submit to a mental health assessment and an evaluation. The Defendant did so, an evaluation was completed on May 27, 2010, and written report dated June 3, 2010, was prepared for the probation office and court. Subsequent to the evaluation, the Defendant failed to attend counseling sessions on July 7 and 13, and either submitted questionable (diluted) samples, or failed to submit to testing altogether, on June 4, 14, 25, 28, and 29, and July 7, 2010.

Based on the problems through late June, the probation office submitted its petition alleging the violation of conditions of supervised release, and the undersigned ordered the issuance of a summons on June 24, 2010. The Defendant appeared on the summons of July 12, 2010, and counsel was appointed and a final hearing scheduled for July 22, 2010.

On July 22, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14.     The Defendant violated his conditions by testing positive for and admitting the use of cocaine on May 24, 2010, and by failing to complete his community service hours.

### III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant.  Given the Defendant's recent appearance before Judge Pitman, at which he was given a "second chance," the undersigned would ordinarily recommend revocation and incarceration under the current circumstances.  There are, however, some factors that counsel against that.  The recent mental health evaluation suggests that the Defendant's actions that have led to his present problems may be more effectively addressed through counseling than imprisonment.  The Defendant has employment, and, other than his drug use, has generally been compliant with his supervision conditions.  Revoking the Defendant's supervised release at this time would result in the Defendant losing his job, which would likely create additional stresses that make sobriety less likely, and would likely lead to additional violations.  Further, the picture painted in the evaluation suggests that the Defendant has essentially been self-medicating to deal with depression and anxiety that is treatable with lawful medications or counseling.  Accordingly, the Court believes that the Defendant should be given one last opportunity to be successful on supervision, and thus recommends that the Defendant's supervision be CONTINUED, with the following modification:

1. The Defendant shall reside at a Community Corrections Center for a period up to 180 days, at the direction of the probation office.  He shall observe the rules of that facility, and he may be required to contribute to the costs of services rendered (co-payment) in an amount to be determined by the Probation Officer, based on his ability to pay.  Further, the Defendant shall be allowed to maintain a vehicle and cellular phone to enable him to continue with his self-employment.

2. The Defendant's community service hours condition be removed, to permit him to maintain employment while also participating in the required counseling and treatment.

It is also RECOMMENDED that the Defendant be required to participate in a dual diagnosis treatment program that can address both his mental health issues and his drug addiction.[1]

The Court warned the Defendant that because he was being given a second chance, if he again violated his conditions, the Court would have no choice but to enforce its orders with more serious sanctions. In short, this is the Defendant's last chance to avoid imprisonment for violating the conditions of his supervision.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 23rd day of July, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] There are already conditions in place authorizing the probation office to direct this, and thus no modification is required to accomplish this.