**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. A-09-CR-140 JRN** |
| | § | |
| **OSCAR LUNA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
         SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on November 3, 2010, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I.  PROCEDURAL BACKGROUND

This is the Defendant's second appearance before the undersigned for alleged violations of his supervised release, and his third appearance before a judge of this Court on such claims.  The details of the prior hearings are set out in the undersigned's Report and Recommendation dated July 23, 2010, Clerk's Doc. No. 31, and thus will not be repeated here.  After the last hearing, the Defendant's supervision was continued, with a modification requiring that he reside at a community corrections center for 180 days.  The Defendant was warned at that time that "because he was being given a second chance, if he again violated his conditions, the Court would have no choice but to

enforce its orders with more serious sanctions.  In short, this is the Defendant's last chance to avoid imprisonment for violating the conditions of his supervision."  *Id.* at 5.

The Defendant commenced residing at the halfway house in August 2010.  While the Court permitted the Defendant to possess a cell phone and automobile while residing there, his use of both was restricted to use for work purposes, and he was not permitted to drive his car until he had a proper license to do so.  The Defendant failed to follow these instructions, and further had "accountability" issues that resulted in the halfway house discharging him unsuccessfully on October 19, 2010.  Further, the Defendant missed two sessions with his counselor in August 2010.  Based on this, the probation office submitted its petition alleging the violation of conditions of supervised release, and the undersigned ordered the issuance of a warrant on October 19, 2010.  The Defendant as arrested on that warrant on October 20, 2010.

On November 3, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II.  FINDINGS OF THE COURT

1.     The Defendant was competent to make the decision to plead true to the complaint.

2.     The Defendant had both a factual and rational understanding of the proceedings against him.

3.     The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

2

4.      The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5.      The Defendant was sane and mentally competent to stand trial for these proceedings.

6.      The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7.      The Defendant received a copy of the Petition naming him, and he read it.

8.      The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10.     The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11.     The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12.     The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13.     The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14.     The Defendant violated his conditions by (1) failing to attend counseling sessions on August 18, and 25, 2010; and (2) being discharged unsuccessfully from the McCabe Center.

## III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the

3

intervening conduct of the Defendant, that the Defendant's supervised release term be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.  The most serious violation is a Grade C, and the Defendant's criminal history category is V, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment.  Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 3 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 3rd day of November, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

4